In the Matter of the Application of PHILIP HILSENRAD, Petitioner, for an Order against FRIEDA S. MILLER, Industrial Commissioner of the State of New York, MORRIS S. TREMAINE, Comptroller of the State of New York, and GRACE A. REAVY and Others, Civil Service Commissioners of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, May 23, 1939.

*John T. DeGraff*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondents.

BERGAN, J.   The essential facts are not in dispute and a question of law, only, is presented upon the return of the petition.

The letter of Elmer F. Andrews, then Industrial Commissioner, to the petitioner, dated February 18, 1938, advised him that he had " been selected for appointment to the position of labor welfare investigator at a salary of $1,700 per annum."   A condition was imposed by the appointing officer that the appointment was to be " for a temporary period of one to five months, with possibility of permanency."   Petitioner was employed in the position from March 1, 1938, to December 31, 1938.   He was then removed without charges.   It is not contended that the removal was made necessary by lack of funds or lack of work.   In that event it would have operated as a suspension and petitioner's name would be placed on a preferred list.   (Civ. Service Law, § 31.)

A " temporary " appointment cannot exceed one month in duration.   (Civ. Service Law, § 15, subd. 3.)   The need of such service must be " important and urgent."   There cannot be successive temporary appointments to the same position, or to any other position in the competitive class within four months " unless such person shall be one of the three highest on the list willing to accept such employment."   (Rules for Classified Service, rule VIII, subd. 7.)

The power to make temporary appointments under the permission of a statute allowing such appointments to be made for one month cannot be enlarged to include a period of " one to five months."   This condition, added to the appointment by the Industrial Commissioner, was invalid.   It is in violation of the express language of the statute.   The Civil Service Commission could not waive the limitations of the statute or informally waive the provisions of its own rules promulgated in accordance with the statute.

No temporary appointment can, under any circumstances, exceed one month. A temporary appointment may, in conformity with rule VIII, be made again for a period of one month at the end of the first period, if the appointee is in the proper position on the list, or it may be made after four months. In either event it is a new and separate temporary appointment. The scheme of the statute is plainly prohibitory of any continuity in temporary appointments exceeding one month in duration.

I construe petitioner's appointment on March 1, 1938, as a permanent appointment. When made it was for a probationary term, fixed by rule at three months. (Civ. Service Law, § 9; Rules for Classified Service, rule XII.) A continuous appointment exceeding three months becomes permanent. The respondents are wholly without power, by the means here adopted, to extend the probationary period. I think petitioner is entitled to reinstatement.

The manner in which the State acquires the funds to pay petitioner's salary has nothing whatever to do with the issues here. If there are no funds, he is placed on a preferred list; if there are funds available for his position, whatever their source, he, and not someone else, must be retained. The fundamental principles and rules governing civil service render this conclusion inescapable.

The relief demanded in the petition is granted. No costs.

Submit order.