In the Matter of the Application of FLORENCE S. GRAAE, Petitioner, Appellant, for an Order against JOHN J. AHERN, Commissioner of Public Welfare for the County of Rensselaer, New York, and Others, Respondents.*

Third Department, March 6, 1940.

*John T. DeGraff*, for the appellant.

*John J. Bennett, Jr., Attorney-General*, for the respondent Civil Service Commission.

*T. Stewart Hubbard*, for the respondents John J. Ahern and John J. Tower.

HILL, P. J. Appeal from an order of the Albany Special Term denying petitioner's motion that respondents Ahern, commissioner of public welfare for the county of Rensselaer, Tower, treasurer thereof, and Reavy and others, Civil Service Commissioners of the State of New York, reinstate her in the permanent position

*Revg. 169 Misc. 633.

of case supervisor in the bureau of old age assistance, department of public welfare, Rensselaer county. She was originally appointed on May 19, 1937. Previously, on the twelfth, Ahern had written her offering the " position for a period of six months." She accepted on the fifteenth. Thereupon Ahern notified the Commission and other officials that she had been appointed " for a period of six months." On December 15, 1937, she was still holding the position, and the Commission wrote Ahern calling attention that the six months had ended in November, and asking that he advise as to " the extension of her employment to whatever date you will need her services." He replied: " May I request that the appointment of Mrs. Graae, which terminated as of November 15th, be considered a permanent appointment. As you pointed out in your letter of December 15th, Mrs. Graae is number one on Civil Service list for this job and is qualified for this position." On May 14, 1938, she was dismissed by respondent Ahern.

Appointments in the civil service are to be made according to merit and fitness to be ascertained so far as practicable by competitive examinations. (State Const. art. 5, § 6.) Appointments to all positions in the competitive class not filled by promotion, reinstatement, transfer or reduction are to be made under the provisions of the Civil Service Law and the rules adopted thereunder. (Regulations are not mentioned.) (Civil Service Law, § 14.) When the need for service is immediate and urgent and will not continue for more than one month, an appointment for a temporary period may be made from the list of those eligible for a permanent appointment without regard to the standing on the list. (Civil Service Law, § 15, subd. 3.) Whenever there are urgent reasons for filling a vacancy and no list of eligibles is available, the appointing officer may name a person for the consideration of the Civil Service Commission for non-competitive examination, and if the nominee be certified he may be appointed provisionally to fill the vacancy until an appointment can be made after a competitive examination. " Such provisional appointment shall not continue for a longer period than four months, nor shall successive provisional appointments be made to the same position under this subdivision." (Civil Service Law, § 15, subd. 1.) " *Every original appointment* to or employment in any position in the classified service shall be for a probationary term of three months, except as otherwise provided herein, [this position is not within the exception] and an appointing or nominating officer in notifying a person * * * *shall specify* the same as for a probationary term only," and if the probationer serves satisfactorily the original appointment shall be equivalent to a permanent

appointment. (Rule XII for the Classified Civil Service.) The Commission may make rules for the classification of positions and for appointments therein not inconsistent with the Constitution and the Civil Service Law. These rules and any modifications will take effect when approved by the Governor. (Civil Service Law, § 10.) Subject to the Civil Service Law and the Rules, the Commission (without action by the Governor) " shall make regulations for and have control of examinations " (Civil Service Law, § 10), and may make and enforce regulations for carrying the rules, statutes and the constitutional provision into effect. (Rule XXIII.) The Commission has made " Regulation XIII," which purports to empower an appointing officer to make a temporary appointment *whenever he desires for a period exceeding one month* and without limit as to the length of service. The appointing officer is to notify the Commission of the nature of the services desired, the term of employment and rate of compensation. Thereupon the Commission is to certify the names of the three persons standing highest upon the general eligible list who are willing to accept the appointment. The temporary appointment may be made permanent during the temporary term if the appointee was eligible at the time of the appointment or became so at any time thereafter. The Commission was not permitted to make a regulation concerning the subject-matter dealt with by regulation XIII, as it does not deal with examinations or the enforcement of the constitutional provision, statutes or rules made thereunder. It is an attempt to modify and repeal the time limit concerning temporary appointments contained in subdivision 3 of section 15, and the provisions of other sections and rule XII concerning appointments. The attempt by respondent Ahern to make appellant's appointment for six months was in violation of rule XII, for thereunder " every original appointment * * * shall be for a probationary term of three months." The acceptance by appellant of the proposal made by the respondent Ahern and the approval thereof by respondents Reavy and others is without significance. These parties may not act in civil service appointments in violation of the Constitution, statutes and rules, for other qualified applicants and the People at large are interested and their rights in the premises may not be disregarded. An intention to continue appellant's " temporary appointment " indefinitely and in violation of the plain terms of the statute and rules is indicated by the offer of the Commission in its letter of December 15, 1937, to extend it to whatever length the respondent Ahern wished.

The May, 1937, appointment was, under the statutes and rules, probationary until three months had passed; then it became

permanent and she could be removed only after notice and an opportunity to be heard. (Civil Service Law, § 22, subd. 2; *Matter of McNeles* v. *Board of Supervisors*, 173 App. Div. 411; affd., 219 N. Y. 578; *Matter of Rick* v. *Board of Education*, 245 App. Div. 729; *Matter of Weishar* v. *Thayer*, Id. 893; *Matter of Burch* v. *Finegan*, 248 id. 561; *Matter of Voll* v. *Helbing*, 256 id. 44; *Matter of Hilsenrad* v. *Miller*, 259 id. ——.)

The order should be reversed and the prayer of the petition granted.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order reversed on the law and facts, and motion granted, with ten dollars costs.