In the Matter of the Application of Philip Hilsenrad, Respondent, for an Order against Frieda S. Miller, Industrial Commissioner of the State of New York, Morris S. Tremaine, Comptroller of the State of New York, and Grace A. Reavy and Others, Civil Service Commissioners of the State of New York, Appellants.— Defendants appeal from an order directing petitioner's reinstatement to the position of Labor Welfare Investigator, from which he had been dismissed without a hearing. No material facts are in dispute. Petitioner was appointed to the position of Labor Welfare Investigator " for a temporary period of one to five months with possibility of permanency." He had passed a competitive civil service examination in 1935 for the position of Law Case Investigator, and stood number five on the list. The record clearly indicates that in 1938 this list was certified to the Department of Labor as an appropriate list from which to fill the position of Labor Welfare Investigator. Three of those ahead of petitioner declined the appointment, and one failed to reply. Petitioner accepted, and worked from March 1 to December 31, 1938. No written charges of any kind were preferred against him at the time he was discharged. The sole issue is whether he had the status of a permanent employee in the competitive class at the time of his dismissal. The procedure set forth by statute and civil service rules for employment under the civil service is clear and explicit. If there is no eligible list in existence a provisional appointment may be made and continued not longer than four months, or until twenty days after an eligible list has been prepared. (Civil Service Law, § 15, subd. 1; State Civ. Serv. Rules, rule 8, subd. 4.) Exemptions, not pertinent here, are authorized in certain scientific, professional and educational positions (Civil Service Law, § 15, subd. 2), and there are appropriate exemptions for emergency and seasonal appointments (State Civ. Serv. Rules, rule 13). When the need of service is urgent appointments may be made of any person on a proper list of those eligible for a permanent appointment without regard to standing on the list, but for a temporary period only, not to exceed one month. (Civil Service Law, § 15, subd. 3; State Civ. Serv. Rules, rule 8, subd. 6.) Defendants contend that petitioner's appointment was temporary. The statute and the rule, as indicated, do not authorize a temporary appointment of from one to five months. Such an appointment could only be made under the provisions of regulation 13, which defendants rely upon to sustain their contention. This regulation provides in part: " Whenever an appointing officer desires to make temporary appointment for a period exceeding one month, he shall notify the Commission of the nature of the service required, term of employment and rate of compensation to be paid, and the Commission shall certify to the appointing officer the names of the three persons standing highest upon the general eligible list, who, upon inquiry, are found willing to accept such temporary appointment, from whom a selection shall be made for the temporary service required." Obviously such a regulation is in contravention of both the

statute and the rule which limit temporary appointments to one month. It cannot have the force of law, such as a rule would have after approval by the Governor. (Civil Service Law, § 10.) Although the statute authorizes the Civil Service Commission to establish regulations which are not required to have the approval of the Governor, it is quite clear that these must be for administrative purposes only, and the power to make such regulations cannot be construed to embrace power to negative the statute or a rule approved by the Governor. The regulation in question, since it attempts to do both of these things, must necessarily be held invalid. We conclude that petitioner's appointment was neither temporary nor provisional, but should be construed as an appointment for a probationary term. The statute [§ 9] provides that all appointments in the classified service shall be for a probationary term not exceeding the time fixed in the rules. The latter provide that every original appointment in the classified service shall be for a probationary period of three months. With certain exceptions not pertinent, retention in the service after three months shall be equivalent to a permanent appointment. (State Civ. Serv. Rules, rule 12.) Petitioner completed his probationary term on June 1, 1938, and his retention after that date was equivalent to a permanent appointment. We regard any discussion with relation to the Labor Law or the State Finance Law as irrelevant. It does not appear that petitioner was discharged for any reason in connection therewith. The order of the Special Term should be affirmed, with costs. Order unanimously affirmed, with ten dollars costs. Present — Hill P. J., Bliss, Heffernan, Schenck and Foster, JJ. [171 Misc. 246.]