John Van Vookhis, J.
This is a proceeding in the nature of mandamus to compel the reinstatement of petitioner to the office of chief clerk at the State Agricultural and Industrial School at Industry, New York. Mandamus is the remedy provided for by section 22 of the Civil Service Law. Article 78 (§ 1283 et seq.) of the Civil Practice Act takes the place of mandamus for that purpose. (Civil Service Law, § 22; Civ. Prac. Act, § 1283.)
The papers in the action consist of a petition, answer and reply with accompanying exhibits, and the matter comes before the court upon an application by petitioner under order to show cause ‘ ‘ why an alternative order of mandamus should not issue ” directing respondent to appoint petitioner to the office of chief clerk. Respondent moves upon the return of the order for a dismissal of the petition. The court is empowered, where the facts are not disputed, to grant final relief to either party. (Civ. Prac. Act, § 1295; § 1296, subd. 5.)
The petitioner sets forth that he was appointed as chief clerk of the institution and performed the duties of the office beginning February 16, 1939, and that he was discharged, effective May 16, 1940. He alleges that at the time of his appointment he had become eligible under the Civil Service Law as a result of having passed the examination with the required standing, that he became a permanent civil service appointee, and that respondent could not discharge him except after a hearing and for cause, which was not done. No question is raised concerning the proper performance of his duties, respondent taking the position that he could be removed at will.
*387 It appears from the answer, and is not controverted by the reply, that petitioner stood fifteenth upon the eligible list established as a result of the civil service examination. In a proceeding of this nature, new matter contained in the answer and not put in issue by reply is deemed to be admitted. (Civ. Prac. Act, § 1292.) Except in the case of emergency appointments not exceeding one month in duration (Civil Service Law, § 15, subd. 3) which is not this case, the respondent is required to make the selection from the first three names upon the list. (Rules for Classified Civil Service, rule VIII, subd. 1; Civil Service Law, § 14.) The chief question is whether petitioner is to be regarded as among the first three as a result of declinations by persons with superior standing. If sufficient of them declined so as to leave the petitioner among the first three remaining, he became eligible for appointment. (Rules for Classified Civil Service, rule VIII, subd. 1.)
Petitioner’s appointment was temporary in form. Purporting to act under civil service regulation XIII, the Civil Service Commission approved his selection for a temporary period of one to six months, which was extended from time to time. Regulation XIII is, however, invalid. (Matter of Hilsenrad v. Miller, 259 App. Div. 763; Matter of Graae v. Ahern, 258 App. Div. 686.) These cases hold that the appointment of a person standing among the first three upon the eligible list ripens into a permanent appointment after the expiration of the probationary period of three months. (Rules for Classified Civil Service, rule XII, adopted pursuant to Civil Service Law, § 9.)
Not every appointment becomes permanent with the passage of time. It depends upon whether the applicant is qualified so as to be capable of receiving a permanent appointment. To hold otherwise would result in nullifying the statute by enabling appointments to become permanent without taking or passing examinations. (Palmer v. Board of Educ. of Union Free School Dist. No. 2, 276 N. Y. 222; Koso v. Greene, 260 N. Y. 491, 495; Matter of Rohl v. Jeacock, 259 App. Div. 208.)
It cannot be determined without a trial whether petitioner stood among the first three upon the list after previous declinations. He stood fifteenth, as has been stated, upon the examination. The answer sets forth and the reply admits by failing to deny that all except two who stood ahead of him refused to serve. But the answer alleges that at least one of those who' declined, to wit, Emanuel Wasserman, did so under the misapprehension that it was a temporary position, that if he had known that regulation XIII was invalid and that in reality he *388 was being offered a permanent appointment, he would have accepted. That is denied by the reply.
Everyone is presumed to know the law, and it may be thought that if Wasserman refused what amounted to a permanent appointment although tendered to him under the guise of one that was temporary, he became bound by the legal effect of the transaction. Such a ruling would, no doubt, exalt a legal fiction above the fact, and provide a convenient method of eliminating eligible persons with high standings by misrepresenting the duration of the employménts offered to them. Nothing indicates that such was the purpose here. The Appellate Division, Fourth Department, has held that refusal of an appointment represented as temporary, which would have been accepted if known to have been permanent, will not render eligible persons whose names would otherwise have been too far down upon the list. (Matter of Rohl v. Jeacock, 259 App. Div. 208, supra.) That is to say, the petitioner cannot be counted among the first three, if Wasserman, whose standing was superior, would have accepted the job if he had not been misled by the description of it as temporary. Subdivision 2 of rule VIII of the Rules of Classified Civil Service provides that an eligible certified for appointment shall be deemed to have declined by failing to accept ‘ ‘ within the four business days next succeeding the mailing of notice of appointment, ’ ’ or, ‘ ‘ within the same or next succeeding business day when notification is sent * # * by telegram ’ ’. It may be concluded that the notification mentioned in the rule offering appointment means one which shall truly state the nature of the position involved. Where, as here, the notice misrepresents a permanent appointment (subject to three months’ probation) as “ a temporary one to six months appointment with possibility of permanency,” it can scarcely be deemed to be sufficiently accurate so as to amount to the notice which the rule requires. This notice followed the form of regulation XIII, which, as has been stated, is invalid. Refusal or failure to accept such an offer does not constitute declination. (Matter of Rohl v. Jeacock, supra.)
The reply puts in issue the allegation in the answer that Emanuel Wasserman would have accepted an offer of the position if he had known it to be permanent. The affidavit of Wasserman attached to the answer does not conclusively establish the point, since petitioner is entitled to his day in court with opportunity of cross-examination. If the fact concerning Wasserman’s declination is established in petitioner’s favor, then petitioner’s appointment, although described as temporary, *389 ripened into a permanent one. (Matter of Hilsenrad v. Miller, 259 App. Div. 763; Matter of Graae v. Ahern, 258 App. Div. 686.) If the fact shall prove to be otherwise, the reverse will be true, and his position subject to being vacated at the will of the appointing power. (Matter of Rohl v. Jeacock, supra; Palmer v. Board of Educ. of Union Free School Dist. No. 2, 276 N. Y. 222, supra; Koso v. Greene, 260 N. Y. 491, supra.)
It has been argued in respondent’s behalf that regardless of where petitioner stood upon the eligible list, he is subject to removal as chief clerk in order to make room for Louis J. Marasco upon being demoted from the position of steward. Nothing in the record indicates that Louis J. Marasco desires to be reinstated as chief clerk, nor that he has made any application to compel such reinstatement. Moreover, neither the Civil Service Law nor rules compel the appointing power to restore Marasco to his former position as chief clerk in any event unless it is vacant. The fact that Marasco has been discharged as steward is not in itself sufficient to require dismissal of this proceeding. "Whether Marasco’s former service qualifies him for reappointment as chief clerk at the Superintendent’s discretion if this litigation eventually results unfavorably to the petitioner is a separate question which is not before the court. [See Matter of Marasco v. Morse, 9 Misc 2d 296, affd. 263 App. Div. 1063, affd. 289 N. Y. 768.]
Respondent’s motion to dismiss the petition is denied, and the petitioner allowed to proceed to trial.
Inasmuch as no application has been made to vacate the restraining order except as incidental to dismissal of the petition, no decision is made concerning whether or not the restraining order should be continued in effect pending the trial of the proceeding.