In the Matter of PHILIP HILSENRAD, Respondent, against FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, et al., Appellants.

Argued November 28, 1940; decided December 31, 1940.

*John J. Bennett, Jr., Attorney-General (Bernard L. Alderman* of counsel), for appellants.

*John T. DeGraff* for respondent.

LEWIS, J.  Our inquiry goes to the question whether by employment for ten months in the State civil service, all of which was under a temporary appointment, the petitioner

gained the legal status of a permanent civil service employee. The material facts are not in controversy.

The petitioner passed a civil service examination for the position of law case investigator in the Department of Labor. His rating qualified him as No. 5 on the eligible list promulgated for that position. While awaiting appointment the petitioner and all others on the newly-created eligible list received from the State Industrial Commissioner a letter which read in part: " Would you accept, if offered, *temporary appointment* as Labor Welfare Investigator for a period of from one to five months with possibility of permanency at a salary of $1,700 per annum in our Albany office?" (Emphasis supplied.)

After declination, or failure to respond, by all those who qualified above the petitioner on the eligible list, the petitioner accepted the offer and promptly received from the Industrial Commissioner a written communication that he " * * * had been selected for appointment to the position of Labor Welfare Investigator in this Department, at a salary of $1,700 per annum, for a *temporary* period from one to five months with possibility of permanency, effective Tuesday, March first, 1938."

The petitioner served under such appointment from March 1 to July 31, 1938, and, upon the request of the Industrial Commissioner, was continued " on a temporary basis " for a period of one month until September 1, 1938. When the Industrial Commissioner again informed the Civil Service Commission in September, 1938, of her desire " to continue [the petitioner's] temporary services," she was advised that the period of such temporary employment had expired and that it would be necessary to recanvass the eligible list in order that another temporary appointment might be made, if a listed person could be found who was willing to accept such employment. While such a recanvass was in progress the petitioner was allowed to continue in his position until December 31, 1938, when his services were terminated and a new appointment was made to the temporary employment previously held by him.

Following his dismissal the petitioner instituted the present proceeding to enforce his reinstatement as a labor welfare investigator in the Department of Labor as of January 1, 1939, at a salary of $1,700 per annum. His claim is that even though his original appointment was for temporary employment, his retention in service for a period of ten months entitles him to the legal right of tenure which is an incident to permanent civil service employment.

The proceeding comes before us upon an appeal by the defendant, by our leave, from an order of the Appellate Division unanimously affirming the order of Special Term which granted the petition herein.

The original communication by the State Industrial Commissioner, which inquired whether the petitioner "would accept, if offered, temporary appointment as Labor Welfare Investigator," was definite in its statement that the appointment which the petitioner was to consider was temporary. After the petitioner had signified his willingness to accept such employment the written notice of his selection again placed emphasis upon the temporary character of the appointment. These facts leave us in no doubt that the petitioner was fully advised when he accepted the appointment that his employment would be temporary.

At the time the appointment became effective, on March 1, 1938, the Industrial Commissioner was authorized by statute to make a temporary appointment under the following conditions (Civil Service Law [Cons. Laws, ch. 7], § 15, subd. 3): "When the services to be rendered by an appointee in the state service are for a temporary period not to exceed one month and the need of such service is important and urgent, the appointing officer may select for such temporary service any person on the proper list of those eligible for a permanent appointment without regard to his standing on such list." (See, also, Civil Service Rule VIII, subd. 6.)

In circumstances where the above statute is applicable, we believe its provisions are mandatory and may not be evaded. Upon the present record and in the absence of a clear showing of an abuse of administrative discretion by

the Industrial Commissioner, we may assume that the appointment of the petitioner was made at a time when, within the language of the statute, "the need of such service [was] important and urgent." However, we know of no authority which then enabled the Commissioner to make an original appointment " for a [temporary] period of from one to five months," as was done in this case. Nor was there legal sanction for the phrase " with possibility of permanency " which the Commissioner, in two written communications to the petitioner, added to the clause descriptive of the appointee's tenure.

The appointment in the first instance was clearly " temporary " as that term is employed in the Civil Service Law. It was not an appointment made " provisionally " under section 15, subdivision 1, because concededly there was in this case an existing list of eligible persons which was treated as appropriate to the position. (Civil Service Rule VIII, subd. 4.) Nor was it an appointment for a probationary term. There is nothing of record before us to show that the appointing officer, in notifying the petitioner of his selection, specified the appointment as being " for a probationary term only." (Civil Service Rule XII, subd. 1, and see Rule VIII, subd. 8.) Indeed, as we have seen, the two written communications from the Industrial Commissioner to the petitioner relating to his appointment emphasized its temporary character; and the later correspondence between the Industrial Commissioner and the Civil Service Commission relating to extensions consistently referred to the petitioner's employment as continuing " on a temporary basis."

The Industrial Commissioner had authority to appoint the petitioner for " a temporary period not to exceed one month." (Civil Service Law, § 15, and see *Koso* v. *Greene*, 260 N. Y. 491, 494.) The statutory term thus prescribed was short. It was, perhaps, too strict a limitation upon a term of temporary appointment which the Legislature, in its wisdom, has since extended under carefully defined conditions. (Laws of 1940, ch. 612, amending Civil Service Law, § 15, subd. 3.)

But the one-month period fixed by the statute when the petitioner was appointed on March 1, 1938, had been prescribed by the Legislature. It could not be extended by Civil Service Regulation 13 — an administrative measure which presumes to enable an appointing officer to extend without limit the term of a temporary appointment. As such regulation was inconsistent with and contravened the provisions of section 15, subdivision 3, of the Civil Service Law (See, also, § 10), it was not effective to authorize a temporary appointment for a term in excess of one month.

Our conclusion is that the fact that by a succession of extensions the petitioner was continued in his position for a period of nine months after the expiration of the statutory term for a temporary appointment, did not serve to invest him with rights, including tenure, which the law attaches to the status of permanent civil service employment. Being exempt from the usual civil service requirements for appointment, temporary appointees " * * * are entitled to none of the advantages secured by period of tenure under the civil service rules." ( *Koso* v. *Greene, supra,* p. 494.) In the case last cited the opinion by CROUCH, J., states (p. 495): " Permanent appointments are made without reference to whether the appointee is holding a temporary or provisional appointment to the same position, or how long such appointment has lasted. These appointments are mere stop-gaps, exceptions of necessity to the general rules with respect to the filling of such positions, and are in no sense probationary. While such appointments may on occasion be succeeded by a permanent appointment, this may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of the temporary or provisional appointment into a permanent appointment."

The orders should be reversed with costs in all courts, and the proceeding dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Orders reversed, etc.