In the Matter of GEORGE WINSMAN, Petitioner, against JOHN A. LYONS, as Commissioner of Correction of the State of New York, et al., Respondents.

Supreme Court, Special Term, Ulster County, June 3, 1949.

*Robert V. Stapleton* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Herman N. Harcourt* of counsel), for respondents.

TAYLOR, J. Prior to March 16, 1944, petitioner occupied the position of sergeant at the Institution for Male Defective Delinquents at Napanoch, New York. On that date he was *temporarily* appointed to the position of lieutenant at the same institution, a vacancy having occurred in that position by the appointment of one Contoit, the former incumbent, to Great Meadow Prison, Comstock, New York. The appointments of both men were characterized as " temporary " pending the establishment of an eligible list for warden.

Petitioner in October, 1941, passed an examination for the position of lieutenant and appeared as No. 15 on list No. 3171, lieutenant, Department of Correction, which was promulgated on August 21, 1942.

On April 16, 1945, while the aforesaid list was still in effect, Contoit was appointed to the permanent position of principal keeper at Great Meadow Prison. Petitioner alleges that on that date his name was in such position on the said list that

had it been consulted he would be entitled to the permanent appointment as lieutenant, in accordance with the Civil Service Law and the rules of the Civil Service Commission. He further asserts that no permanent appointment to said position was made within the proper time in accordance with section 15 of the Civil Service Law, notwithstanding the existence of an eligible list, and that no examination for the position of warden in the Department of Correction has been held. Consequently he claims no eligible list has been established. The petition further alleges that on the 18th day of April, 1947, petitioner received a notification of his provisional appointment as lieutenant, under subdivision 4 of rule VIII of the Rules for the Classified Civil Service of the State Civil Service Commission effective May 1, 1947, and that he is qualified for such position. He contends tht he became entitled to the permanent appointment of lieutenant at said institution on April 16, 1945, when the permanent vacancy occurred, or, in any event, at the end of six months following that date because of the existence of an eligible list in effect at that time upon which his name appeared in a position favorable to appointment.

This application is for an order pursuant to article 78 of the Civil Practice Act: (1) Commanding the respondent, Civil Service Commission of the State of New York, to certify the name of George Winsman, the petitioner, from promotion list No. 3171, lieutenant, Department of Correction, as eligible for appointment to the position of lieutenant in the Institution for Male Defective Delinquents at Napanoch, New York, effective as of April 16, 1945, or six months thereafter. (2) Commanding John A. Lyons, as Commissioner of Correction of the State of New York to appoint petitioner, George Winsman, to the position of lieutenant at the Institution for Male Defective Delinquents at Napanoch, New York, effective as of April 16, 1945, or six months thereafter. (3) Commanding John A. Lyons, as Commissioner of Correction of the State of New York forthwith to desist from and discontinue to employ any person or persons now employed as lieutenant at the Institution for Male Defective Delinquents at Napanoch, New York. (4) For such other relief as to the court may seem just and proper.

Respondent has failed to serve an answer but has applied by motion pursuant to section 1293 of the Civil Practice Act for an order dismissing the petition on the grounds that the court has not jurisdiction to grant the relief, that petitioner's laches bars the application and that the petitioner does not state facts sufficient to entitle him to the relief asked or to any relief.

The statute and regulation upon which petitioner relies are as follows:

Section 15 of the Civil Service Law: "1. Whenever there are urgent reasons for filling a vacancy in the competitive class and there is no list of persons eligible for appointment after competitive examination, the appointing officer may nominate a person to the state or municipal commission for non-competitive examination, and if such nominee shall be certified by such commission as qualified after such non-competitive examination, he may be appointed *provisionally* to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall not continue for a longer period *than six months,* nor beyond the period of twenty days after the promulgation of an appropriate eligible list. However, such provisional appointment may, with the approval of the state commission, be extended for a further period not exceeding three months, upon a finding by the state commission that it has been impracticable to establish an appropriate eligible list within six months after such provisional appointment. Successive provisional appointments shall not be made to the same position. * * * 3. When the services to be rendered by an appointee are for a temporary period not to exceed one month and the need of such service is important and urgent, the appointing officer may select for such temporary service any person on the proper list of those eligible for a permanent appointment without regard to his standing on such list. A temporary appointment may be made for a period exceeding one month under the following circumstances only: (a) When an employee is on leave of absence a temporary appointment to such position may be made for the duration of such leave of absence, not exceeding one year; (b) A temporary appointment may be made for a period not exceeding six months when it appears to the commission, upon due inquiry, that the position will not continue in existence for a longer period; provided, however, that if a temporary appointment is made for a period exceeding one month, it shall be made by the selection of one of the three persons standing highest on an appropriate eligible list, who are willing to accept such temporary appointment. Successive temporary appointments shall not be made to the same position." (Emphasis supplied.)

Subdivision 4 of rule VIII of the Rules for the Classified Civil Service: "4. Whenever there are urgent reasons for filling a vacancy in any position in the competitive class, and there is no

list of persons eligible for appointment after competitive examination, or the existing list contains less than three names, the appointing officer may nominate a person to the commission for non-competitive examination, and if such nominee shall be certified by such commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall not continue for a period longer than six months, nor beyond a period of twenty days after the promulgation of an appropriate eligible list; provided, however, that such provisional appointment may, with the approval of the commission, be extended for a further period not exceeding three months, upon a finding by the commission that it has been impracticable to establish an appropriate eligible list within six months after such provisional appointment. No employee holding a competitive position on a permanent basis shall be approved by the civil service commission, as a provisional appointee to another competitive position in the same department, unless a written agreement is made by the head of the department that the said permanent position shall not be filled permanently pending the employee's reinstatement to same upon failure of his provisional appointment to mature into permanent appointment, or, unless the employee signs an unqualified resignation. Copy of said agreement or of the resignation must be filed with the civil service commission at the time of nominating the employee to provisional appointment. A person who has been employed provisionally under the terms of this rule will not be eligible for promotion or increase in salary, beyond the rate for which such person was eligible at the date of appointment, until after a service of six months from the date of appointment from the eligible list.''

The material facts are not in dispute. The question to be decided on this application is whether by employment under a temporary appointment for an indefinite period pending the establishment of an eligible list for warden the petitioner gained the legal status of a permanent civil service employee to the position of lieutenant.

The language of Judge Lewis in *Matter of Hilsenrad* v. *Miller* (284 N. Y. 445, 450) is peculiarly appropriate to the situation here disclosed. Writing for the court he said: '' The appointment in the first instance was clearly ' temporary ' as that term is employed in the Civil Service Law. It was not an appointment made ' provisionally ' under section 15, subdivi-

sion 1, because concededly there was in this case an existing list of eligible persons which was treated as appropriate to the position. (Civil Service Rule VIII, subd. 4.) Nor was it an appointment for a probationary term. There is nothing of record before us to show that the appointing officer, in notifying the petitioner of his selection, specified the appointment as being ' for a probationary term only.' (Civil Service Rule XII, subd. 1, and see Rule VIII, subd. 8.) Indeed, as we have seen, the two written communications from the Industrial Commissioner to the petitioner relating to his appointment emphasized its temporary character; and the later correspondence between the Industrial Commissioner and the Civil Service Commission relating to extensions consistently referred to the petitioner's employment as continuing ' on a temporary basis.'

" The Industrial Commissioner had authority to appoint the petitioner for ' a temporary period not to exceed one month.' (Civil Service Law, § 15, and see *Koso* v. *Greene,* 260 N. Y. 491, 494.) The statutory term thus prescribed was short. It was, perhaps, too strict a limitation upon a term of temporary appointment which the Legislature, in its wisdom, has since extended under carefully defined conditions. (Laws of 1940, ch. 612, amending Civil Service Law, § 15, subd. 3.)"

The facts of that case are not dissimilar to those here presented. It is true that subdivision 3 of section 15 of the Civil Service Law was amended in 1944 (L. 1944, ch. 199) but the change so far as the disposition of this matter is concerned is unimportant.

The case of *Marasco* v. *Morse* (22 N. Y. S. 2d 315, 320–321, affd. 263 App. Div. 1063, affd. 289 N. Y. 768) is distinguishable. The question involved there concerned a *provisional* appointment and the court held: " The argument advanced in behalf of the petitioner that his provisional appointment ripened into a permanent one without competitive examination upon the lapse of four months is therefore untenable. So also is the contention that either his provisional or temporary appointments became permanent by lasting longer than one month under Civil Service Law, §15, subd. 3, and Rule VIII, subd. 6. This provision can only be invoked after an eligible list has been established, and, when that happens, cannot result in shortening the probationary period of three months provided for by Rule XII."

Petitioner's temporary appointment could not gain for him a permanent status (*Matter of Hilsenrad* v. *Miller, supra*) nor could his provisional appointment ripen into a permanent one. (*Marasco* v. *Morse, supra.*)

" Permanent appointments are made without reference to whether the appointee is holding a temporary or provisional appointment to the same position, or how long such appointment has lasted. These appointments are mere stop-gaps, exceptions of necessity to the general rules with respect to the filling of such positions, and are in no sense probationary. While such appointments may on occasion be succeeded by a permanent appointment, this may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of the temporary or provisional appointment into a permanent appointment." (*Koso* v. *Greene,* 260 N. Y. 491, 495; *Matter of Hilsenrad* v. *Miller, supra,* p. 451.)

The holding of the court in *Matter of Battaglia* v. *Morton* (272 App. Div. 372) has not been overlooked. No order in the nature of an alternative mandamus is necessary here because there is presented no question of fact requiring a trial.

The petition must be dismissed, without costs.

Submit order.