■ In the Matter of LLOYD A. WADSWORTH, Respondent, v JAMES F. GARNSEY et al., Individually and as Members of the Board of Trustees of the Village of Ilion, et al., Appellants.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, with costs, to petitioner. Memorandum: Respondents appeal from a judgment in a CPLR article 78 proceeding which, *inter alia*, directed that petitioner be reinstated as a permanent appointee in the position of Police Chief of the Village of Ilion, New York, that the date of his appointment be deemed to have been May 10, 1976, and that he be awarded back wages and benefits from the date of his dismissal less compensation received as a police sergeant. We find that the effective date of petitioner's permanent appointment was August 7, 1976, and hold that the judgment should be modified in that particular and otherwise affirmed. We note that on May 10, 1976, the effective date of petitioner-respondent's appointment as "temporary Police Chief" there was a vacancy in the permanently existing position of Police Chief. Further, petitioner-respondent, who had been with the Ilion Police Department for 17 years and was then a Sergeant, had been certified as standing third on the current list (dated Jan. 21, 1976) of eligibles for the position. Although petitioner-respondent's appointment ostensibly was as "temporary Police Chief" under section 64 of the Civil Service Law, the village trustees retained him in the position until May 17, 1977—over 11 months beyond the one month permitted duration of a temporary appointment. Under these circumstances his temporary appointment must be deemed to have become permanent on August 7, 1976 as a result of the board's action in retaining him for more than eight weeks (the applicable minimum probationary period [4 NYCRR 4.5 (a) (1), (3); *Matter of Albano v Kirby*, 36 NY2d 526]) beyond the one-month time limit prescribed for a temporary appointment under section 64 of the Civil Service Law. The general rule that a temporary appointment will not become permanent *(Matter of Hilsenrad v Miller*, 284 NY 445) does not apply where the appointee "is eligible for permanent appointment, due to standing among the first three upon the list" *(Matter of Battaglia v Morton*, 272 App Div 372, 374, affd 299 NY 746) and when "such appointment * * * is made to a permanent vacancy during the life of a competitive class promotion list." *(Matter of Spindel v New York City Housing Auth.*, 41 Misc 2d 363, 367; see *Matter of Daub v Coupe*, 9 AD2d 260; *Matter of Moreland v Areson*, 19 Misc 2d 385; *Matter of Marasco v Morse*, 9 Misc 2d 296, affd 263 App Div 1063, affd 289 NY 768; *Kass v Gross*, 76 NYS2d 309, 312.) As stated in *Matter of Daub v Coupe (supra*, pp 266-267), "Minimally two conditions must coexist

before a temporary appointment may be succeeded by or become a permanent appointment so as to entitle an ousted employee to reinstatement. He must be among the first three on the eligible list at the time of the appointment so as to be qualified and capable of receiving the appointment, and there must be a vacancy." Our holding here is not, as respondents contend, contrary to the general rule stated in *Matter of Hilsenrad v Miller (supra,* p 451, quoting *Koso v Greene,* 260 NY 491, 495) that while temporary "appointments may on occasion be succeeded by a permanent appointment, this may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of the temporary or provisional appointment into a permanent appointment." In *Hilsenrad,* the petitioner was not eligible for permanent appointment but was number five in standing on the eligible list. He was appointed only after those above him on the list had declined or failed to respond to the offer of the position on a temporary basis. In the case at bar, petitioner-respondent was number three on the list and eligible for permanent appointment. His attainment of permanent status was not as a result of any ripening of a temporary appointment but "by virtue of examination and eligibility under the civil service laws" *(Hilsenrad,* p 451) and his retention in office by respondents. It is fundamental civil service policy "that vacancies in the classified civil service shall be filled by permanent appointments from the appropriate eligible list compiled pursuant to the results of competitive examination" and that "The circumstances under which a permanent position in the classified civil service may be filled by other than regular appointment from an appropriate eligible list are * * * precisely defined, and narrowly confined." *(Matter of O'Reilly v Grumet,* 284 App Div 440, 444-445, affd 308 NY 351.) Further, section 63 of the Civil Service Law mandates that "Every original appointment to a position in the competitive class * * * shall be for a probationary term". (See *Halpin v Reile,* 64 Misc 2d 1023, 1025.) Thus, it has been held that "the Civil Service Law cannot be evaded by designating as temporary or provisional what is really a permanent selection from among persons who are eligible by reason of standing among the first three upon the list." *(Matter of Marasco v Morse,* 9 Misc 2d 296, 299, affd 263 App Div 1063, affd 289 NY 768, *supra;* see, also, *Matter of Healey v Bazinet,* 291 NY 430.) Finally, we reject appellants' contention that petitioner, who was appointed "from among those graded highest on an appropriate eligible list," received a temporary appointment of indefinite duration under subdivision 2 of section 64 of the Civil Service Law and thus could be discharged at the pleasure of the board. Under subdivision 2, temporary appointments for more than three months are authorized, but only under the limited circumstances specified in section 64 (subd 1, pars [a], [b], [c])—none of which apply to petitioner. An interpretation of section 64 of the Civil Service Law permitting indefinite temporary appointments from the top of the eligible list would conflict directly with section 63 of the Civil Service Law and the fundamental policy that vacancies in the classified civil service be filled by permanent appointments from appropriate eligible lists *(O'Reilly v Grumet, supra).* (Appeal from judgment of Oneida Supreme Court—art 78.) Present— Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.