■ THOMAS J. BURT, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT, Respondent. — Judgment of the Supreme Court, Suffolk County (McGinity, J.), dated March 4, 1981, affirmed, without costs or disbursements (see *Matter of Marasco* v *Morse,* 9 Misc 2d 296, affd 263 App Div 1063, affd 289 NY 768). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ ANTHONY CARBILLANO, Appellant, v JULIA ROSS et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Rockland County (Cerrato, J.), dated August 19, 1981, which (1) denied his application for a general preference and transferred plaintiff's action to the County Court, Rockland County, upon condition that within 30 days of the date of the order, defendants, who are nonresidents, file with the calendar clerk of the Supreme Court, Rockland County, a written consent to the transfer, and (2) provided that plaintiff's application was granted upon jurisdictional grounds if the defendants failed to file such written consent. Appeal dismissed as academic, with $50 costs and disbursements. The plaintiff filed a notice of appeal dated September 14, 1981 from the order dated August 19, 1981. The order appealed from provided, in part: "the application is denied, and the action is transferred to the County Court, Rockland County: upon condition that the following named defendants, within 30 days after the date hereof, file with the calendar clerk of this court a written consent to the aforesaid transfer: [Defendants] —————————— In the event that the named defendants, or any one of them, fail to file such written consent within the time specified, the application is granted upon jurisdictional grounds." The defendants, New Jersey residents, did not file a written consent to the transfer of this action to the County Court, Rockland County. Accordingly, the order appealed from, which was self-executing, granted the plaintiff's application for a general preference upon jurisdictional grounds as of September 19, 1981. The plaintiff's filing of a notice of appeal prior to the expiration of the 30-day period included in the order dated August 19, 1981, did not result in an automatic stay of said order (CPLR 5519, subd [a]) and there was no application made by plaintiff for a stay. Since only an aggrieved party may appeal from an order (CPLR 5511), the within appeal abated on September 19, 1981 when that part of the order directing a transfer became academic. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.