■ In the Matter of ALBANY PERMANENT PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 2007, IAFF, AFL-CIO, on Behalf of WILLIAM A. KRUG, et al., Appellants, v CITY OF ALBANY et al., Respondents. [755 NYS2d 323] —Carpinello, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 14, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to appoint petitioner William A. Krug to the position of fire lieutenant.

In this CPLR article 78 proceeding seeking relief in the nature of mandamus to compel, petitioners contend that petitioner William A. Krug is entitled as a matter of law to be permanently appointed to the position of fire lieutenant in the City of Albany Fire Department pursuant to Civil Service Law § 64 (1). Pursuant to this statute, "[a] temporary appointment may be made for a period not exceeding three months when the need for such service is important and urgent" (Civil Service Law § 64 [1]). Here, petitioners claim that Krug was appointed on a temporary basis to fill a vacant position as fire lieutenant for a period exceeding three months and, therefore, his appointment became permanent as a matter of law.

In addition to establishing that one's temporary appointment exceeded three months, certain other "minimal" conditions must be met for a temporary appointment to become permanent, namely, the appointee must be among the first three on the eligible list at the time of the appointment and there must be a vacancy (*see Matter of Wadsworth v Garnsey*, 62 AD2d

1141, 1141-1142 [1978], *lv denied* 45 NY2d 706 [1978]; *Matter of Daub v Coupe*, 9 AD2d 260, 266-267 [1959]). Here, while the record reveals that Krug served in the capacity of fire lieutenant for brief and various stints between February 15, 2001 and May 18, 2001, petitioners have wholly failed to demonstrate that he was indeed assigned to fill an actual *vacancy* in the department and that he did so for more than three months. Stated differently, the record reveals that Krug was never assigned to temporarily fill any one particular "vacant position" in the department during the subject period; rather, he was assigned separate and distinct temporary assignments to fill a variety of temporary vacancies for a variety of reasons. Under these circumstances, petitioners have not demonstrated a "clear legal right" to the requested relief (*see e.g. Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 384-385 [1997]), and the petition was therefore properly dismissed.

Crew III, J.P., Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.