In the Matter of DARLENE SIKORSKI-PETRITZ, Appellant, v COUNTY OF ERIE, Respondent. [57 NYS3d 813]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 7, 2016 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the decision of respondent, County of Erie (County), to demote her from a position as Counsel-Social Services to a position of Medical Caseworker. Petitioner contends that she was appointed to a permanent or contingent permanent position as Counsel-Social Services and was therefore entitled to the procedural protections of Civil Service Law § 75 prior to her demotion. Supreme Court properly dismissed the petition. The record establishes that the County appointed petitioner to a temporary Counsel-Social Services position, and therefore the protections of Civil Service Law § 75 do not apply (see Matter of Jones v Westchester County Dept. of Social Servs., 228 AD2d 601, 601 [1996]; Matter of Ause v Regan, 59 AD2d 317, 323 [1977]). Contrary to petitioner's contention, the temporary appointment could exceed three months because the appointment was made for a position that was encumbered by an employee on leave of absence (see § 64 [1] [a]). Inasmuch as the Counsel-Social Services position did not become vacant before petitioner's demotion, her temporary appointment to that position could not have ripened into a permanent one (see generally Matter of Albany Permanent Professional Firefighters Assn., Local 2007, IAFF, AFL-CIO v City of Albany, 303 AD2d 819, 819-820 [2003]; Matter of Wadsworth v Garnsey, 62 AD2d 1141, 1141 [1978], lv denied 45 NY2d 706 [1978]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.