In the Matter of the Application of EDWARD J. WEISHAR, Respondent, for an Order of Peremptory or Alternative Mandamus against WALTER N. THAYER, JR., as Commissioner of Correction of the State of New York, Appellant.— Review of a peremptory order of mandamus directing the appellant to reinstate respondent as painter-guard in the Department of Correction at Sing Sing Prison and also directing appellant to pay respondent's salary from the 1st day of October, 1934, the date of his dismissal, to the date of his reinstatement. On May 9, 1931, respondent passed a civil service examination for the position of painter-guard. He was appointed to that position at Sing Sing Prison on the 1st day of April, 1934, and continued to act in that capacity until the 30th day of September, 1934, when he was discharged. Appellant contends the respondent was legally dismissed from the service at the end of his probationary period, which appellant contends is six months. Section 9 of the Civil Service Law provides in substance that all appointments or employments in the classified service, with certain excep-

tions, which do not apply here, shall be for a probationary period not exceeding the time fixed in the rules. Rule XII of the Rules of the Civil Service Commission provides that every original appointment to or employment in any position in the classified service shall be for a probationary term of three months except as otherwise provided. The rule, however, expressly provides that the probationary term shall be six months for a person appointed from the eligible list to the position of prison guard. Appellant contends that respondent's position was that of prison guard. In the instant case the petition alleges and it is not denied that respondent was appointed from the eligible list to the position of painter-guard, and not to the position of prison guard. There are at Sing Sing Prison 250 guards appointed from an eligible list bearing the same title, which employees wear uniforms and are concerned with the discipline and safe-keeping of the inmates of the institution. These guards work in shifts, attend prison guard school after they receive their appointments and receive a starting salary of $1,800. They have no charge of or supervision over convict labor. Respondent was appointed from the classified list of painter-guard and received a salary of $2,380. He is the only painter-guard assigned to Sing Sing Prison. He wears civilian clothes and is concerned with the supervision of painting in the institution and was not required to attend the prison guard school. The duties of his position include a knowledge of painting and of various kinds of paint and a knowledge of mixing substances for paint and general supervision in regard to painting. An applicant for the position is required to have not less than ten years of experience in painting, at least three of which must have been as general foreman or in similar supervisory work. Candidates are required to have a knowledge of plaster work and some experience in paper hanging and plastering. The positions of prison guard and painter-guard are separate and distinct and cannot be regarded as identical. Respondent was, therefore, a permanent appointee at the time of his removal. He might have been dismissed at the end of three months' probationary period. That not having been done, his appointment ripened into a permanent one. Appellant also contends that he is not the proper party respondent and that the proceeding should have been brought against the warden of Sing Sing Prison. The Commissioner of Correction is vested with the power of removal of civil service employees of the department. (Correction Law, § 5.) Order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.