In the Matter of the Application of FLORENCE S. GRAAE, Petitioner, for an Order against JOHN J. AHERN, Commissioner of Public Welfare for the County of Rensselaer, New York, and Others, Defendants.

Supreme Court, Rensselaer County, December 7, 1938.

*John T. DeGraff*, for the petitioner.

*T. Stewart Hubbard*, for the defendants John J. Ahern, commissioner of public welfare for the county of Rensselaer, N. Y., and John J. Tower, treasurer of Rensselaer county, N. Y.

SCHENCK, J.    This is an application by the petitioner to be reinstated as case supervisor, bureau of old age assistance, department of public works, Rensselaer county, N. Y.

The petitioner was appointed to this position on May 19, 1937, for a period of six months.    At the conclusion of the six months and on November 16, 1937, the petitioner's appointment was ratified by the defendants as " permanent."    Subsequently, the

petitioner requested and received a "leave of absence" from January 5, 1938, to April 5, 1938. Finally, on May 14, 1938, petitioner was notified that her services were no longer required. The only question now at issue is whether or not petitioner had served her probationary period of three months in the course of permanent civil service employment. (Civil Service Law, § 9; Rules for Classified Civil Service, rule VIII, subd. 8.)

Petitioner contends that her original six months' employment was sufficient to constitute her probationary period, and, accordingly, place her in a position from which she could not be dismissed except upon the basis of specific charges.

Petitioner's argument that this situation is governed by subdivisions 1 and 3 of section 15 of the Civil Service Law is without merit to sustain petitioner's contention upon this point. It does not seem reasonable that the intent of the statute was to prevent the State or a subdivision thereof from creating a temporary civil service position for a period limited to six months if it so desired. A permanent appointment after such a temporary period would, accordingly, result in the commencement of the probationary period for permanent civil service appointees as of the time of the second, or permanent, appointment.

The petitioner also contends that even after the start of the permanent employment period, the three months' period of probation elapsed prior to her discharge. The permanent period of employment started November 16, 1937. Petitioner was discharged on May 14, 1938, a period of two days, or at the most, one day, less than six months from the time her employment started. However, at her own request, she had a full three months' period during which she was on a leave of absence. By simple mathematics, therefore, it appears that petitioner's total probationary period had lasted either one or two days less than three months when she was discharged.

There is likewise no merit in petitioner's contention that the leave of absence period enjoyed by the petitioner, during which she had absolutely nothing to do with the position in question, should not be deducted from the total elapsed probationary period. To hold otherwise would nullify the obvious purposes of the probation period rule.

The application of petitioner is denied. No costs.

Enter order accordingly.