In the Matter of the Application of EMILY C. STEWART and FLOR-ENCE H. WOLF, Petitioners, for an Order against J. CRAIG ROBERTS and Others, as Members of the Board of Social Welfare of the County of Erie, and THOMAS W. H. JEACOCK, Commissioner of Social Welfare of the County of Erie, Respondents.

In the Matter of the Application of MYRA A. REICHLE and FRANKIE M. ROCKWOOD, Petitioners, for an Order against J. CRAIG ROBERTS and Others, as Members of the Board of Social Welfare of the County of Erie, and THOMAS W. H. JEACOCK, Commissioner of Social Welfare of the County of Erie, Respondents.

Supreme Court, Erie County, January 4, 1940.

*Gilbert J. Pedersen*, for the petitioners Emily C. Stewart and Florence H. Wolf.

*Irving Milch* [*Gilbert J. Pedersen* of counsel], for the petitioners Myra A. Reichle and Frankie M. Rockwood.

*Paul Batt, Corporation Counsel* [*Edward D. Siemer* of counsel], for the respondents.

GOLD (WILLIAM A.), J. This is a motion on behalf of petitioners for an order commanding the board of social welfare of the county of Erie to reinstate petitioners to their positions as junior case

workers in the Erie county department of social welfare, and to replace them on the payroll in said department, and to pay the petitioners the salary for said positions from the 1st day of July, 1939, to the time when they are reinstated, at the rate of $1,400 per annum, or, in the alternative, for an order directing the board of social welfare and its members to review the determination of Thomas W. H. Jeacock in dismissing the petitioners and annulling the dismissal of the petitioners from their said positions, and directing that the petitioners be reinstated and replaced upon the payroll of the department.

The respondents apply to the court for an order dismissing the petition herein upon the ground that the petition does not state facts sufficient to entitle petitioners to the relief asked, or to any relief, pursuant to section 1293 of the Civil Practice Act.

The petitioners tried and passed a competitive class examination for the position of junior case worker, and were in March, 1939, certified by the State Civil Service Commission as eligible for appointment to the position as such.

The appointments were made by Thomas W. H. Jeacock, commissioner of social welfare of the county of Erie.

Under section 9 of the Civil Service Law and rule XII of the Rules and Regulations for the Classified Civil Service, as adopted by the Civil Service Commission of the State of New York, all competitive class appointees, with certain exceptions, must serve a three months' probationary term in order to give the appointing officer an opportunity to investigate the conduct, capacity and the fitness of the said appointee.

If the said appointee is not discharged before the end of said three months' probationary term, said appointment becomes equivalent to a permanent appointment, and thus the probationary appointee becomes a permanent appointee.

The petitioners' probationary appointment began on April 1, 1939. On June 29, 1939, petitioners were notified that their services were unsatisfactory and were released from further employment.

Petitioners claim that the appointing power in this matter is the board of social welfare and the commissioner of social welfare. Respondents claim that the appointing power is in the commissioner of social welfare.

A special act was passed by the Legislature of the State of New York, namely, chapter 28 of the Laws of 1938, to enable the county of Erie to have a special setup in regard to the administration of relief. Under this act there was created a board of social welfare of the county of Erie, which took the place of the county commissioner under the Public Welfare Law. To this board of social

welfare were assigned the functions, powers and duties of the commissioner. This act was amended by chapter 330 of the Laws of 1938.

Previous to the passage of the above act and amendment, the law provided for a county commissioner of public welfare as the administrative officer of the county welfare department.

With the establishment of the board of social welfare, this board was given all the jurisdiction, functions, powers and duties of the county commissioner. The said board had the power to create the commissioner of social welfare as the executive officer of the board of social welfare.

Among the other powers given to the board was the following: " (f) Within the limits of the appropriations made therefor by the board of supervisors of the county, authorize the appointment by the commissioner of such deputies, assistants and other employees as may be necessary to carry out the provisions of this act." (Laws of 1938, chap. 28, § 3, as amd. by Laws of 1938, chap. 330.)

The wording is quite similar with that of section 23 of the Public Welfare Law, and is important in that it demonstrates the intention of the Legislature to have Erie county's special act construed just as the Public Welfare Law has been construed.

The original subdivision (f) of section 3 of chapter 28 of the Laws of 1938 reads as follows: " Subject to approval by the board of supervisors of the county, authorize the appointment by the commissioner of such deputies, assistants and other employees as may be necessary to carry out the provisions of this act."

The issue as between the parties is as follows:

Did Thomas W. H. Jeacock, as commissioner, have the right in and of himself to release and discharge, to terminate the probationary employment of the petitioners on June 29, 1939, or June 30, 1939? If he did have the power, then this proceeding must fail. If, on the other hand, he did not have the power in and of himself, and needed the approval and ratification of the board of social welfare, then this proceeding must succeed and the petitioners must be reinstated. That is, unless the probationary employment was effectively terminated by June 30, 1939, said probationary appointment ripened into a permanent one, and there was nothing that any one could do on and after July 1, 1939, to change the said status of the petitioners as permanent appointees.

The board of social welfare did, on the 7th day of March, 1938, adopt rules and regulations for the conduct of its business. Under the rules (Rules of Erie county board of social welfare, adopted March 7, 1938), it did, among other things, provide as follows:

" 5. GENERAL RIGHTS AND DUTIES OF THE BOARD.

\*   \*   \*   \*   \*   \*   \*

" (b) Appointment of personnel.

   " (2) The appointment of all authorized personnel shall be made by the Commissioner.

" (d) Relation of Board to appointment of personnel.

   " (1) The Commissioner shall have the responsibility for the original appointment of personnel.

   " (3) No board member shall initiate on his behalf or for another any effort designed to secure the appointment of any persons to the staff of the Erie County Department of Social Welfare."

The power of appointment of personnel being in the board of social welfare and being by the board delegated to the commissioner of social welfare, the latter became the sole appointing power of the employees of the department of social welfare. He, having the power to appoint, has also the power to dismiss or remove. His acts were within the statute and, therefore, binding upon the parties.

The prayer of the petitioners is, therefore, denied, and the prayer of respondents for an order dismissing the petition herein is hereby granted.

Let an order be entered accordingly.