■ In the Matter of PHILLIP G. SCHNEIDER, Respondent, v. EDWIN R. LYNDE, as President of the Board of Judges of the District Court of the County of Nassau, et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, to compel petitioner's reinstatement to the position of court attendant in the District Court of Nassau County, to direct the payment of his salary in such position from January 1, 1960 to the date of reinstatement and for other incidental relief, the Board of Judges of said court, the Civil Service Commission of said county and the county officers named appeal from an order of the Supreme Court, Nassau County, dated June 23, 1960, granting the petition; declaring, *inter alia*, that petitioner's probationary employment in the competitive class of civil service as a court attendant in the said court was not effectively terminated at the end of the probationary period; adjudging that at the end of such period petitioner's employment became permanent; declaring that petitioner is entitled to back salary from January 1, 1960, and directing its payment; and containing other incidental provisions. Order affirmed, without costs. Rule XVIII of the Rules of the Nassau County Civil Service Commission, which has the force and effect of law (Civil Service Law, § 20, subd. 2) prescribes that "if the conduct, capacity and fitness of the probationer are not satisfactory, the appointing officer shall notify the probationer that his services will terminate at the end of his probationary period" and that "such notice shall be in writing." The appointing officer is the County Executive (County Government Law of Nassau County, § 2415). If an attempted termination of a probationer's service be not in accordance with the prescribed procedure therefor, the appointment ripens into a permanent one (*People ex rel. Goldschmidt* v. *Board of Educ. of City of N. Y.*, 217 N. Y. 470; *Matter of Weishar* v. *Thayer*, 245 App. Div. 893; *Matter of Graae* v. *Ahern*, 258 App. Div. 686). Here, the written notice purporting to terminate petitioner's services as a probationer was on the stationery of, and signed by, the President of the Board of Judges of the District Court. Nothing on the face of the notice indicated in any way that it was given as a notice by the County Executive or on his behalf. The first sentence of subdivision 2 of said rule XVIII contemplates that officials other than the County Executive may have a proper role in the matter of whether or not a probationer shall be retained at the end of his probationary period. It states: "Every officer under whom any probationer shall serve during any part of his probation shall carefully observe the conduct, capacity and fitness of the probationer." In our opinion, the fact that the promulgators of the rule assigned to such officer (other than the appointing officer) only the function of observing a probationer's conduct, capacity and fitness (which undoubtedly also contemplates the making of appropriate reports and recommendations), indicates an intent to limit the authority of such other officer to that function and to exclude all authority with respect to the termination of services and to the notice thereof. Accordingly, we conclude that the intent of the rule was to require that such notice be given only by the County Executive; that such function was not to be delegated to anyone; and that the fact that the County Executive had authorized the President of the Board of Judges to send the notice is of no avail to appellants. Ughetta, Kleinfeld, Christ and

Pette, JJ., concur; Beldock, Acting P. J., dissents and votes to reverse the order and to deny the petition.