Cooke, J.
We review here the discharge of a social services investigator at the end of his 16th week of service, following his appointment from a competitive civil service list for a probationary term of 26 weeks, under county civil service commission rules stipulating a probationary term for permanent appointments "of not less than eight nor more than twenty-six weeks”. There is no dispute as to the pertinent facts.
Petitioner passed the examination of the Suffolk County Civil Service Commission for the position of investigator and started working in that capacity in said county’s Department of Social Services on January 4, 1971. Shortly thereafter, he received a letter dated January 18, 1971 from the Director of Administrative Services of said department stating: "You have been appointed as an Investigator from List #10-168 as of 1/ 18/71, subject to a probationary term of twenty-six (26) weeks.” On February 25, 1971, an "Eight Week Evaluation” report, reviewing petitioner’s functioning in the position and recommending that his probationary period be extended beyond the eight weeks, was submitted by a special investigator to the personnel director but it appears that petitioner was not informed of same. On May 7, 1971, his services were terminated without a hearing for the stated reason that he had failed to successfully complete his probationary period.
Rule XVII (subd 1, pars [a], [c]) of the Suffolk County Civil Service Rules, entitled "Probationary Term,” provide in pertinent part:
"1. Probationary Term.
"(a) Except as herein otherwise provided, every permanent appointment from an open competitive list * * * shall be for a *529 probationary term of not less than eight nor more than twenty-six weeks.
* * *
"(c) An appointment shall become permanent upon the completion of the minimum period of probation unless the probationer, prior to the completion of such service, is given written notice by the appointing officer by mailing same to petitioner at least two business days prior to completion of probationary term, that the probationary term will be continued. * * * If the probationary term is so continued, the appointment shall become permanent upon the retention of the probationer after his completion of the maximum period of service or upon earlier notice to the probationer at any time after the completion of the minimum period of service that his probationary term is successfully completed. If the conduct or the performance of the probationer is not satisfactory, his employment may be terminated at any time after his completion of the minimum period of service and on or before the completion of the maximum period of service.”
Appellant contends that said rule requires that there must be both a minimum period and a maximum period for a probationary appointment and that the appointing authority may not disregard the former and grant merely a single probationary appointment for the maximum period. Respondents, on the contrary, urge that the rule confers on the authority the discretionary power to make a probationary period for any specified time so long as it is at least 8 weeks and not more than 26.
Aside from the consideration of interdepartmental promotions, every original appointment to a position in the competitive class shall be for a probationary term and municipal civil service commissions, including those of a county (Civil Service Law, § 2, subd 4), shall provide by rule for the conditions and extent of probationary service (Civil Service Law, § 63). Such rules, properly adopted by such commissions, have the force and effect of law (Civil Service Law, § 20, subd 2; Matter of Bates v Lang, 26 AD2d 462, 468; Matter of O’Brien v Lang, 18 AD2d 140, 143, affd 13 NY2d 688) and are to be construed in the same manner as a statute (Carmody v City of Mount Vernon, 3 App Div 347, 349; People ex rel. O’Hara v Neville, 58 Misc 279, 283).
In the construction of statutory provisions, the legislative *530 intent is the great and controlling principle (Matter of Petterson v Daystrom Corp., 17 NY2d 32), same being sought first in the words of the statute under consideration (Department of Welfare of City of NY v Siebel, 6 NY2d 536, 545; Matter of Bowne v Bowne Co., 221 NY 28, 31). The language in the rule under scrutiny employs the expressions "minimum period of probation”, "completion of minimum period of service”, "completion of maximum period of service” and, "retention of the probationer after his completion of the maximum period of service” (subd 1, par [c]), clearly indicating the distinct existence of both a minimum period and a maximum period for a probationary appointment. The terms minimum and maximum voice separate and opposite denotations, the former specifying the least time or quantity assignable and the latter the greatest (cf. State v Moore, 21 NJ Super 419). When different terms are used in various parts of a statute or rule, it is reasonable to assume that a distinction between them is intended (Waddell v Elmendorf, 10 NY 170, 177; Kurlander v Incorporated Vil. of Hempstead, 31 Misc 2d 121, 124; Doyle v Gordon, 158 NYS2d 248, 257; McKinney’s Cons. Laws of NY, Book 1, Statutes, § 236, p 403).
We are confronted with a question of interpretation, in paragraph (a) of subdivision 1 of the rule, by the singular use of "a probationary term of not less than eight nor more than twenty-six weeks.” No rule of construction, however, permits the segregation of a few words from their context and from all the rest of the section or rule for purposes of construction (Wilson v Israel, 227 NY 423, 427; People ex rel. Board of Supervisors of County of Rockland v Travis, 184 App Div 730, 732, affd 226 NY 703), and the enacting body will be presumed to have inserted every provision for some useful purpose (Matter of Smathers, 309 NY 487, 495; Matter of Tonis v Board of Regents of Univ. of State of N. Y., 295 NY 286, 293). To construe the rule in question by holding that said paragraph (a) permits a single probationary appointment for the longest period, 26 weeks, would render paragraph (c) of the same subdivision, providing for a minimum and maximum period, meaningless. Such a construction, resulting in the nullification of one part of the rule by another, is not permissible (Matter of Chase Nat. Bank v Guardian Realties, 283 NY 350, 361; People v Sheehy, 204 Misc 281, 286; McKinney’s Cons. Laws of NY, Book 1, Statutes, § 98, p 223).
In analyzing a statute or rule, courts look to their spirit and *531 purpose, and the objectives of the enactors must be kept in mind (Matter of Hogan v Culkin, 18 NY2d 330, 335). The Constitution mandates that appointments in the civil service of the State and all of its civil divisions shall be made according to merit and fitness, to be ascertained, as far as practicable by competitive examination (NY Const., art V, § 6). It was pointed out by the Court of Appeals, in 1898, that both Federal and State statutes embodied the principle of probationary trials as a means of determining the merit and fitness of candidates and that this method had been employed in the civil service of Great Britain since 1855 (People ex rel. Sweet v Lyman, 157 NY 368, 378). Experience had demonstrated that occasionally a candidate, who had done well on a civil service examination and even one whose education and experience normally indicated the potential capacity to perform satisfactorily, was found wanting in the actual execution of duties of the position (Kaplan, The Law of Civil Service [1958], p 182).
While the primary purpose of laws and rules calling for probationary terms is to secure efficient service, they also serve to furnish the appointee with an opportunity to show his or her fitness and to provide a more acceptable and less embarrassing means of terminating the employment of an unsatisfactory appointee (People ex rel. Kastor v Kearny, 164 NY 64, 67; People ex rel. Sweet v Lyman, supra, pp 380-381; Matter of Stewart v Roberts, 172 Misc 997, 998; People ex rel. Zieger v Whitehead, 94 Misc 360; Kaplan, The Law of Civil Service [1958], p 182). A similar statement has been made in respect to the purpose of rule XVII (subd 1, par [a]) of the Rules of the Suffolk County Civil Service Commission (Matter of Sanches v Town of Brookhaven, 232 NYS2d .238, affd 19 AD2d 864).
The early probationary appointments were for a single definite time and, in People ex rel. Kastor v Kearny (supra , p 66), it was pointed out that a probationary term: "is not 'any time’ within a fixed period of duration, unmeasured by the rules, and measurable by the pleasure or will of the appointing power. Probation or probationary implies the purpose of the term or period, but not its length; the rules could fix its length, for so the statute provides”. The court went on to explain (p 67) that, during the probationary period, the probationary appointee was not to be peremptorily discharged (but see: Board of Regents v Roth, 408 US 564, 569-570; Matter of *532 Matsa v Wallach, 42 AD2d 1004, affd 34 NY2d 891; Matter of Reeves v Golar, 45 AD2d 163). There followed a series of decisions holding that, if a probationary appointee is not discharged at the end of the probationary period, the appointment ripens into a permanent one (e.g., Matter of Voll v Helbing, 256 App Div 44, 46, app dsmd 294 NY 653; Matter of Weishar v Thayer, 245 App Div 893, 894; Matter of Marasco v Morse, 9 Misc 2d 296, 300, affd 263 App Div 1063, affd 289 NY 768).
With the law being in this posture, regarding discharge prior to the expiration of the probationary term and in respect to retention beyond said time, and in view of the purposes to be achieved by such appointments, it became necessary, both in fairness to the appointing official and to the probationary appointee, to achieve some measure of flexibility and also, at times, a greater latitude for review and an enlarged opportunity for training. Obviously, the reason for requiring a minimum period of probationary service is to assure a probationer a reasonable chance to demonstrate his or her ability, and the purpose of a maximum period is to achieve a proper degree of finality in the selective process. Accordingly, pursuant to section 63 of the Civil Service Law, rules such as said rule XVII of the Suffolk County Civil Service Commission, as well as section 4.5 (subd [a], pars [1], [3]) of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.5 [a] [1], [3]) and section 25.24 (subd [c], par [1]; subd [d]) of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR 25.44 [c] [1]; [d]) were adopted. These rules bear a striking resemblance and all require, in respect to permanent appointments, a probationary term of not less than 8 nor more than 26 weeks.
Ordinarily, courts will defer to the construction given statutes and regulations by the agencies responsible for their administration, if said construction is not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434, 438; but see Matter of Carey Transp. v Perrotta, 34 AD2d 147, affd 29 NY2d 814). It is of interest and of some persuasion that the Department of Civil Service primarily concerned with the enforcement of the statute and the regulations adopted under it, as set forth in a memorandum of September 23, 1974, of which judicial notice may be taken (Public Officers Law, § 88, subd 1; Hunter v New York Ontario & Western R. R. Co., 116 NY 615, 621; Matter of Sunhill Water Corp. v Water Re *533 sources Comm., 32 AD2d 1006, 1008), has interpreted its rules as we view the one emanating from Suffolk County.
Tested by these canons of construction, the relevant portions of rule XVII (subd 1, pars [a], [c]) of the Suffolk County Civil Service Rules are harmonized and their correct meaning extracted by a holding: that an appointing authority, governed by said rules, cannot eliminate the initial requirement of appointment for a minimum period of probation, which must be separate and distinct from a possible further maximum period of probation; that the minimum period of probation is eight weeks; that an appointment becomes permanent upon completion of said minimum period unless the probationer is given written notice as prescribed that the probationary term will be continued; that, if such notice is given, the probationer achieves permanent status upon completion of the maximum period of service or upon earlier notice after completion of the minimum period that the probationary term has been completed; and that, if the probationer’s conduct or performance is not satisfactory, his or her employment may be terminated at any time after completion of the minimum period and before completion of the maximum period (cf. Matter of Matsa v Wallach, 42 AD2d 1004, affd 34 NY2d 891, supra). Since petitioner served the minimum period of probation, eight weeks, without notice of continuance, his appointment became permanent at the end of said period and he is entitled to relief.
The matter came before Special Term pursuant to a stipulation, by the attorneys for the parties, in which it was stated that the sole issue was one of law, whether petitioner secured tenure, and that petitioner and respondents each moved for summary judgment as to that issue. (See CPLR 3211, subd [c].) The procedural question raised by said stipulation was properly decided by the Appellate Division.
The order of the Appellate Division should be reversed, with costs, and the petition granted to the extent that it seeks reinstatement and unpaid salary, deducting earnings and salary paid from outside sources.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, with costs, and the petition granted in accordance with the opinion herein.