HENRY CLARK et al., Respondents, v COMMISSIONER, NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant.

Third Department, July 8, 1976

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellant.

*Mailman & Volin, P. C. (Stanley Mailman* of counsel), for respondents.

HERLIHY, J. Each of the petitioners was appointed to a permanent position in the Department of Social Services subject to a probationary period of not less than 8 weeks nor more than 26 weeks. The certificate of appointment contained language indicating that the appointment would not be permanent until completion of the maximum period. The petitioners were discharged by notice prior to the completion of the 26-week period and after completion of the eight-week period. They brought this proceeding upon the basis that pursuant to the provisions of the regulations of the Civil Service Commission their appointments had become permanent at the end of the eight-week period and, accordingly, they could not be summarily dismissed (see 4 NYCRR 4.5 [a] [1], [3]; Civil Service Law, § 75).

The appellant contends that the initial notice contained on the certificate of appointment was sufficient to establish a 26-week probationary period; however, as found by Special Term the case of *Matter of Albano v Kirby* (36 NY2d 526) has held that the language used in the regulations of the Civil Service Commission (4 NYCRR 4.5 [a] [1], [3]) requires a minimum period of eight weeks and the appointing authority may not initially impose a minimum of 26 weeks.*

Where, however, a petitioner receives a probation report prior to the expiration of the eight-week period indicating that

---

* Section 4.5 of the rules and regulations provides, in pertinent part:

"(a) *Probationary term.* (1) Except as herein otherwise provided, every permanent appointment from an open competitive list and every original appointment to a position in the non-competitive, exempt or labor class shall be for a probationary term of not less than eight nor more than 26 weeks * * *

"(3) An appointment shall become permanent upon the completion of the minimum period of probation unless the probationer, prior to the completion of such service, is given written notice that the probationary term will be continued."

probation is to be continued, the permanent status is not acquired until the expiration of the original maximum (26 weeks) unless the appointing authority should sooner give notice of completion of probation (*Matter of Albano v Kirby, supra,* p 533). The record establishes that each of these petitioners did receive a written probation report prior to the expiration of the critical eight-week period and each report did indicate that probation was being continued. In *Matter of Matsa v Wallach* (42 AD2d 1004, 1005, affd 34 NY2d 891), it was held that such reports are satisfactory notice to extend probation to 26 weeks.

In *Matter of Albano v Kirby (supra,* p 532), the court stated that the purpose of a minimum period was to ensure an opportunity for a probationer to demonstrate capability. While the overall purpose of the probationary period is to give the appointing authority a period to determine satisfactory performance, there is nothing to require that the minimum period may only be extended for "unsatisfactory" performance. The probation reports received by the petitioners contain no negative remarks as to some of them, but that does not mean that the eight-week minimum could not properly be extended so that the appointing authority could satisfy itself as to satisfactory performance for a reasonable period of time, i.e., 26 weeks. The petitioners have raised no issue in their pleadings as to any arbitrariness or stigma in regard to the final determination of the appointing authority that they were unsatisfactory (cf *Matter of Perry v Blair,* 49 AD2d 309; *Matter of Reeves v Golar,* 45 AD2d 163).

Special Term found that the probation reports were not sufficient to constitute the required written notice of extension because in form they were "recommendations" *from* the immediate supervisor of petitioners and the "bureau or office head" to someone else. If the petitioners had any doubt as to the meaning of the continuation of the probationary period, however, they made no inquiries and for the purpose of "written notice" we find the probation reports sufficient (*Matter of Matsa v Wallach, supra).* The petitioners have failed to establish entitlement to reinstatement.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.