OPINION OF THE COURT
Martin B. Stecher, J.
Each of the foregoing is an article 78 proceeding in which the petitioners, former employees of the respondent, Triborough Bridge and Tunnel Authority, challenge their respective dismissals.
On or about June 29, 1976, employees of the respondent engaged in a strike. It was thereafter determined that each of the petitioners had engaged in that strike in violation of the Taylor Law (Civil Service Law, § 210, subd 1) and notice thereof in writing was given to each of the petitioners on July 14, 1976, in compliance with the statute (Civil Service Law, § 210, subd 2, par [e]). Pursuant to the terms of the notice, each of the petitioners was deprived of his tenured status with the respondent and placed on probation for a term of one year (Civil Service Law, § 210, subd 2, par [f]).
There is no claim that the respondent failed to follow the procedures mandated by statute. There is a contention, however, that the petitioners were coerced into accepting the Taylor Law determination without objection and they now seek to challenge that determination. The respondent properly raises a defense of the Statute of Limitations (CPLR 217) and, therefore, the claim of coercion entitles the petitioners to no relief. More than four months have elapsed since the determination became final.
The one-year period of probation mandated by the statute (Civil Service Law, § 210, subd 2, par [f]) was to expire on July 14, 1977. By letter dated July 13, 1977, each of the petitioners was informed that his respective performance, on evaluation by superiors, was found to be unsatisfactory and "as a result, you will be dismissed from your position as a Bridge and Tunnel Officer effective July 14, 1977, provided, however, that dismissal will be held in abeyance and will not be imposed if you comply with each of the following conditions.” Inferentially, although not so expressed, the letters contain a condition that the term of probation be extended another year and that during that time, each of the petitioners was to abide by the rules and regulations of the authority. *1101 The letter provided that the petitioners agree that during that year if any of them was unable to work for any period of time, for any reason, his probation would be so extended for that period of time during which he did not work and each petitioner was required to "waive any right to a hearing * * * and further waive' any right to an appeal whether to the Courts or any administrative agency from that decision to dismiss you.”
The letter dated July 13, 1977 concluded: "If the foregoing is acceptable to you please sign and return the enclosed copy of this letter to Mr. Black by July 23, 1977,” a date nine days after the one-year probation terminated.
By letter dated July 18, 1977, presumably in response to an inquiry from the petitioners’ union, the time to respond was extended to July 29, 1977 and concluded with the following language: "Your failure to return the signed letter by July 29, 1977 will result in your dismissal.” (Emphasis supplied.) Thereafter, by letter dated July 26, 1977, apparently as a result of a union negotiation, a modification of the proposed extended probation was offered in which the extended term was reduced from one year to six months. The respondent withdrew the requirement that the employee waive any right to a hearing or appeal and extended to August 5, 1977 the time in which the employee might accept the extended term of probation. Each of the petitioners thereafter accepted the amended terms of continued probation in writing. Each of them at the end of the term of probation was dismissed, it being asserted that their respective work was unsatisfactory.
The issue in these cases is solely whether or not the respondent, under the circumstances above set forth, was entitled to extend the Taylor Law period of probation.
The statute (Civil Service Law, § 210, subd 2, par [f]) allows no discretion as to the term of probation. It merely states that an employee who has engaged in an unlawful strike "shall be on probation for a term of one year * * * during which period he shall serve without tenure”. Transported into the Taylor Law are the probation rules and regulations of the Civil Service Commission of the State of New York (4 NYCRR 4.5) or if the employee is under the jurisdiction of a municipal civil service commission then subject to that commission’s probation rules and regulations. The rules and regulations of the New York State Department of Civil Service differ in many ways from the rules and regulations of the Civil Service *1102 Commission of the City of New York. Thus, with the consent of the probationer, under State regulations (4 NYCRR 4.5 [a] [3]) the period of probation may be extended for "not less than four nor more than 12 weeks in a different assignment”. Under the City Civil Service Commission rules, with the consent of probationer, "the commission may authorize the extension of the probationary term for one or more additional periods not exceeding in the aggregate six months.” (Rules and Regulations of the New York City Civil Service Commission, rule V, § 5.2.5.) That portion of the Public Authorities Law which created the Triborough Bridge and Tunnel Authority (tit 3, § 550 et seq.), under the section entitled "Transfer of Officers and Employees” (§ 554), states that "[t]he appointment and promotion of all employees of the authority shall be made in accordance with the provisions of the civil service law under the jurisdiction of the municipal civil service commission of the city.”
The relief requested by the petitioner must be granted for various reasons. The Taylor Law imposition of probation on a previously tenured employee is openly and frankly a form of punishment (Civil Service Law, § 210, subd 2, which speaks of "violations and penalties”; cf. Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, 40 NY2d 487, 489). The penalty period is not discretionary and does not have minimum and maximum periods such as are allowed in initial appointments (cf. 4 NYCRR 4.5 [a] [2]). The Taylor Law probation is precisely for a term of one year (cf. Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, supra, p 493). Absent extension of the term of probation, any probationer whose probationary term ends without his discharge acquires tenure. (Cf. 4 NYCRR 4.5 [a] [3]; Matter of Albano v Kirby, 36 NY2d 526.)
On July 14, 1977, the anniversary date of the Taylor Law determination and until July 26, 1977 or thereafter, each of the employees remained in service without discharge and without acquiescing to any extended period of probation. On July 14, 1977, each of their probationary periods terminated and the employees reverted to their tenured civil service status. The reason for this should be clear. The State mandated a term of punishment during which (Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, supra), or at the end of which the employer was entitled to discharge the employee. The commission was *1103 not entitled, by law, to extend the period of punishment. Unquestionably, the respondent was acting in good faith in offering these employees a further opportunity to rehabilitate themselves. That opportunity should have been offered at an earlier date. By retaining the employees beyond the one-year term of probation without discharging and without procuring their respective consents (if such consents were at all significant) the respondent lost its right to dismiss the petitioners as unsatisfactory probationers.
The respondent was not entitled, even with the consent of the employees, to extend the term of probation for six months or at all. Keeping in mind the punitive nature of this probation it is unlikely that the Legislature intended that longer terms of punishment be imposed on violators who were subject to the New York City Civil Service Commission rules than those who were subject to New York State Civil Service Commission rules. What was intended was that any employee engaging in any illegal strike would be placed on probation for a term of but one year irrespective of the portion of the State in which he was employed. It was not the intention of the Legislature to allow an extension of probation for but 12 weeks to employees under State Civil Service Commission jurisdiction and as long as six months under New York City Civil Service Commission jurisdiction.
I find it unlikely that any period of extension was intended by the Taylor Law. As pointed out in Tuller (supra, p 493) flexible periods of probation, while suitable to new employees, are hardly necessary for appraisal of employees who have already passed the first period of probation successfully, have been employed as tenured employees for some time, and have not served a full year on a second probation. I am of the opinion that the Legislature gave the respondent but two choices: discharge the probationers at the end of the one-year term, or restore them to tenured service. By failing to discharge them, the term of probation ended with the petitioners’ resumption of their prior status (Matter of Albano v Kirby, supra).
It is asserted by the respondent that the petitioners, by executing the consents appended to the letters dated July 26, 1977, waived the right to object to the extended period of probation. This is error. It is the public policy of the State that terms of probation be strictly limited and that employees not be held in perpetual uncertainty concerning their status. *1104 If the doctrine of "waiver” were to be applied to Civil Service periods of probation, every employee might be kept a perpetual probationer at the whim of his agency by being required at the end of each probationary period to execute a new consent to extension. That would clearly violate the Civil Service policy of the State of New York.