■ In the Matter of NOEL R. BELGRAVE, Appellant, v BENJAMIN R. WARD, as Commissioner of the New York State Department of Correctional Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 13, 1978 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, to annul the administrative determination of respondent which terminated his employment as a correction officer. On June 10, 1977 petitioner was permanently appointed as a correction officer trainee with the Department of Correctional Services, effective June 20, 1977. The appointing letter established an 8- to 52-week probationary period. On June 20, 1977 petitioner received a letter advising that his probationary period "is being continued to the maximum period of 52 weeks from date of permanent appointment." Thereafter, specifically on November 7, 1977, petitioner was dismissed from service because of "unsatisfactory performance of your duties". After respondent's answer to petitioner's article 78 proceeding was served, petitioner by attorney's reply affirmation stated as follows: "9. * * * it is apparent that no dispute exists between petitioner and respondent on the question of petitioner's employment status on November 7, 1977; *it is conceded that petitioner was a probationary employee on said date; based upon the undisputed facts of petitioner's and respondent's pleadings, on November 7, 1977, the date of termination, petitioner was in the 18th week of his 52 week probationary period.* 10. Since it is now conceded that petitioner was fired during this probationary period, your affirmant must also note that the pre-termination requirements of § 75 of the Civil Service Law cannot be applicable to petitioner's case solely by virtue of a claim of *permanent status* as pleaded in paragraph 40 *(et seq.)* of the petition. WHEREFORE, it is respectfully requested that the contents of the foregoing affirmation be considered * * * solely as it relates to an allegation of permanent status at the time *of termination be deemed withdrawn."* (Emphasis in original.) Special Term's dismissal of the petition must be affirmed. 4 NYCRR 4.5 (a) (3), in pertinent part, states: "If the conduct or performance of the probationer is not satisfactory, his employment may be terminated at any time after the completion of the minimum period of service and on or before the completion of the maximum period of service." Clearly, petitioner, on November 7, 1977, was well beyond the minimum period of 8 weeks and well within the maximum period of 52 weeks of service. We cannot now consider for the first time the issue of whether the respondent's letter of June 20, 1977, continuing petitioner's probationary period to the maximum of 52 weeks, effectively made him a permanent employee, entitled to all the protections of section 75 of the Civil Service Law, since said letter allegedly created a single probationary period of service contrary to the required "minimum-maximum" period (4 NYCRR 4.5 [a]; cf. *Matter of Albano v Kirby,* 36 NY2d 526; *Clark v Commissioner, N. Y. State Dept. of Social Servs.,* 53 AD2d 122). It would be a perversion of the legal process to entertain at the appellate level issues not raised below *(Matter of Weber v Carhart Photo,* 46 AD2d 964, mot for lv to app den 36 NY2d 643). Here, Special Term did not fail to determine petitioner's employment status and err in conclusion; rather, it determined the issue of the right of a terminated probationer as posited by petitioner. (See *Martin v City of Cohoes,* 37 NY2d 162.) Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.