OPINION OF THE COURT
Willard W. Cass, Jr., J.
The petitioner, Roosevelt Haynes, has petitioned this court, pursuant to CPLR article 78, for a judgment reinstating the petitioner to his position as medical social worker with the Chautauqua County Home and Infirmary. The motion was argued before the court on March 28, 1980 in Jamestown, New York. Clarence H. Snyder, of the law firm of Towne, Rubenstein, Synder and Polowy, has filed the petition on behalf of Roosevelt Haynes, and the County Attorney, Edwin J. Kuzdale, has appeared on behalf of the respondents.
None of the facts are in dispute and are quite simple. Roosevelt Haynes resides at 155 West Second Street in Dunkirk, New York, with his wife and two children. He holds a Master of Divinity from the Louisville Presbyterian Seminary, Louisville, Kentucky, and has a Master of Social Work Degree from the University of Buffalo, Buffalo, *1038 New York. Although Mr. Haynes is a black man, there is no evidence in the present case of racial discrimination. The petitioner was appointed to the position of medical social worker by the respondents on April 26, 1976. In April, 1979, Mr. Haynes, along with some other individuals, took a competitive examination for the position of medical social worker. On October 22, 1979, the results of the examination were published and Mr. Haynes was notified that he had tied with two other eligible persons for the rank of number one. On November 20, 1979, Dr. Sidney Finkelstein, the Director of Health Services, wrote to Mr. Haynes advising him that he would not be granted permanent status as a medical social worker, and that his employment would be terminated as of December 7, 1979. The petitioner claims that he was wrongfully discharged from his position, and is requesting that the court direct the respondents to reinstate him to his position as medical social worker. It is the respondent’s position that because Roosevelt Haynes was on probation he could be discharged at anytime without formal charges and without a hearing.
The employment of public servants is generally governed by the New York State Civil Service Department. Subdivision 1 of section 20 of the Civil Service Law authorizes local Civil Service Commissions to enact and enforce suitable rules for carrying into effect the Civil Service Law, including rules for jurisdictional classification, position classification, examinations, appointments, promotions, transfers and resignations, all in accordance with the provisions of the Civil Service Law. Pursuant thereto, the Classified Civil Service of Chautauqua County, under the jurisdiction of the Director of Personnel of Chautauqua County, adopted various rules and amendments necessary for the proper administration of the Civil Service Law. These provisions are entitled, “Rules for the Classified Civil Service of Chautauqua County.” These rules have the force and effect of law and apply to all positions in the classified service of Chautauqua County including the situation and circumstances currently affecting the petitioner, Roosevelt Haynes.
A review of the applicable provisions of the Chautauqua *1039 County Classified Civil Service Rules indicates that the petitioner, Roosevelt Haynes, was improperly dismissed from his position as a medical social worker at the Chautauqua County Home and Infirmary. Rule 13 governs the probationary term which is required of every permanent appointment. Section 1 (subd a) specifically provides in pertinent part:
“1. Probationary term.
“a. Except as herein otherwise provided, every permanent appointment from an open competitive list * * * shall be for a probationary term of not less than eight nor more than twenty-six weeks.”
Section 9 of rule 13 provides:
“9. Removal during probationary term.
“Nothing contained in this rule shall be construed to limit or otherwise affect the authority of an appointing authority pursuant to section seventy-five of the civil service law, at any time during the probationary term, to remove a probationer for incompetency or misconduct.”
Upon completion of the minimum period of probation the appointment shall become permanent unless the petitioner, prior to the completion of such service, is given written notice that the probationary term will be continued.
Roosevelt Haynes was dismissed from his position approximately six and one-half weeks into his probationary term. This action was premature and unjustified as he was not even afforded the opportunity to fulfill the obligatory probationary term of eight weeks. The fact that Roosevelt Haynes had held the position for over three years is not particularly relevant. Mr. Haynes became a probationary employee on October 22, 1979, the day the results of the competitive examination weré published, and when Mr. Haynes was informed that he had tied with two other eligible persons for the rank of number one. The employer was required to keep him in the probationary status for a period of eight weeks from October 22, 1979, and if they intended to fire him during this period he was entitled to a hearing pursuant to section 75 of the Civil Service Law.
The leading case in New York State is Matter of Albano v Kirby (36 NY2d 526). The Albano case involves an inter *1040 pretation of the rules and regulations of Suffolk County Civil Service Commission which bear a striking resemblance to the Chautauqua County Civil Service Rules. Judge Cooke in Matter of Albano v Kirby (supra, p 531) stated as follows:
“While the primary purpose of laws and rules calling for probationary terms is to secure efficient service, they also serve to furnish the appointee with an opportunity to show his or her fitness and to provide a more acceptable and less embarrassing means of terminating the employment of an unsatisfactory appointee (People ex rel. Kastor v Kearny, 164 NY 64, 67; People ex rel. Sweet v Lyman [157 NY 368], 380-381; Matter of Stewart v Roberts, 172 Misc 997, 998; People ex rel. Zieger v Whitehead, 94 Misc 360; Kaplan, The Law of Civil Service [1958], p 182). A similar statement has been made in respect to the purpose of rule XVII (subd 1, par [a]) of the Rules of Suffolk County Civil Service Commission (Matter of Sanches v Town of Brookhaven, 232 NYS2d 238, affd 19 AD2d 864).
“The early probationary appointments were for a single definite time and, in People ex rel. Kastor v Kearny (supra, p 66), it was pointed out that a probationary term: ‘is not “any time” within a fixed period of duration, unmeasured by the rules, and measurable by the pleasure or will of the appointing power. Probation or probationary implies the purpose of the term or period, but not its length; the rules could fix its length, for so the statute provides’. The court went on to explain (p 67) that, during the probationary period, the probationary appointee was not to be peremptorily discharged”.
As the county failed to fulfill its own statutory requisites, the facts establish that Roosevelt Haynes was improperly terminated from his employment. Therefore, it is the decision of this court that judgment must be granted in favor of the petitioner. The respondents are directed to reinstate Roosevelt Haynes to his position as medical social worker at the Chautauqua County Home and Infirmary at the same level as prior to his wrongful discharge, and to pay him all wages and benefits of which he has been deprived since December 7, 1979, less the amount, if any, which the *1041 petitioner may have received as compensation for other employment during the period subsequent to December 7, 1979, and less any unemployment insurance benefits he may have received during such period. (Civil Service Law, § 77; cf. Cornell v T. V. Dev. Corp., 17 NY2d 69, 74.)