■ In the Matter of Eugene Spadaro, Individually and Doing Business as Dependable Employment Agency, Appellant, v Philip Ross, as Industrial Commissioner of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered February 4, 1980 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to have an order of respondent vacated. Petitioner operates the Dependable Employment Agency, an employment agency for resort hotel personnel and is engaged in the placement of persons, such as domestics and household employees, in what is denoted by statute as class "A" employment (General Business Law, § 185, subd 4). Following a hearing before a Labor Department hearing officer on February 7, 1979, it was established and petitioner concedes that, for the period June 13, 1978 through June 28, 1978, his agency charged class "A" job applicants, for whom it obtained employment, a fee amounting to 18% of each applicant's first full month's salary or wages in situations where the employer provided three meals and lodging per working day for the applicant and then deducted a charge therefor from the applicant's pay. Upon these conceded facts, the respondent commissioner held that petitioner had violated subdivision 5 of section 185 of the General Business Law in that, pursuant to that statute, the

18% fee can be charged on a placement only when the three daily meals and lodging are supplied by the employer with no deduction therefor from an employee's pay and that a 10% fee is applicable when a charge is made against an employee's wages or salary for meals and lodging provided. As a result, respondent imposed a fine of $100 and a reprimand upon petitioner and his agency, and there ensued the present proceeding wherein petitioner sought judicial review of respondent's determination. At Special Term, the court ultimately concluded that respondent had construed the statute at issue correctly and also properly applied it in this instance. Petitioner's application for relief was dismissed and the instant appeal ensued. In pertinent part, subdivision 5 of section 185 of the General Business Law provides as follows: "Fee ceiling: For a placement in class 'A' employment the gross fee, including the deposit if any, shall not exceed, in percentage of the first full month's salary or wages, the following:

| | |
|---|---|
| where no meals or lodging are provided........................ | 10% |
| where one meal per working day is provided................ | 12% |
| where two meals per working day are provided........... | 14% |
| where three meals and lodging per working day are provided......................................................... | 18%" |

Upon any fair reading of this quoted language, it is obvious that the Legislature's intent in enacting the statute was to establish a fee ceiling of 10% for an employment agency when an employee was given no meals or lodging and a ceiling of 18% when an employee was given meals and lodging in addition to a salary and at no charge to the employee. To accept petitioner's contrary interpretation of the statute, i.e., that he can charge the 18% fee when the employer provides an employee with three daily meals and lodging and then makes a deduction from the employee's pay for room and board, would plainly frustrate the clear legislative intent and allow petitioner to charge the higher fee at absolutely no cost to himself. Such a construction of the statute cannot be countenanced (*Matter of Albano v Kirby,* 36 NY2d 526), and it should be noted that petitioner continued to operate pursuant to his erroneous interpretation of the statute even after his agency had been specifically advised by the Department of Labor as to the correct procedures to follow relative to fee ceilings for class "A" employment. The judgment of Special Term should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.