■ In the Matter of the Arbitration between COUNTY OF FULTON et al., Appellants, and CIVIL SERVICE EMPLOYEES AS-

SOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, CSEA LOCAL 818, FULTON COUNTY GENERAL UNIT, Respondent. [788 NYS2d 232]—

Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered February 18, 2004 in Fulton County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner County of Fulton (hereinafter County) and respondent were signatories to a collective bargaining agreement (hereinafter CBA) in effect between January 1998 and December 2001. They negotiated a successor CBA for the next three years, ending in 2004. As here relevant, article X, § 3 of both agreements provided that "[a]n eight week probationary period shall apply for employees who transfer to a new job classification within the bargaining unit." As of 1992, the County Classified Civil Service Rule XIV provided that there be a minimum of 12 weeks and maximum of 52 weeks of probation for every permanent appointment or promotion in the classified service, other than interdepartmental transfers.* Recognizing a discrepancy between the rule and the negotiated provision of the CBAs, Ron Briggs, president of respondent, requested County personnel officer, petitioner Edith Pashley, to interpret the apparently conflicting provisions. Pashley advised Briggs that the conflicting provision of the CBA could not be enforced as written. Briggs challenged that interpretation through a grievance and the County Personnel Committee ultimately agreed with Pashley. Respondent thereafter filed a demand for arbitration, and petitioners commenced this proceeding pursuant to CPLR 7503 to stay arbitration. Upon Supreme Court's denial of the stay, this appeal ensued.

To determine whether there is a valid and enforceable agreement to arbitrate this issue, it must first be determined if "the subject of the claim . . . is the type authorized by the Taylor Law" (*Matter of Blackburne [Governor's Off. of Empl. Relations]*, 87 NY2d 660, 665 [1996]). If authorized, it must then be determined "whether the subject matter of the dispute sought

---

* In 2002, such rule was amended to increase all probationary periods to a minimum of 12 weeks. The maximum probationary term for a police officer and deputy sheriff was extended to 78 weeks.

to be arbitrated is within the scope of the particular arbitration clause" (*id.* at 665; *see Matter of Committee of Interns & Residents [Dinkins]*, 86 NY2d 478, 484 [1995]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]).

Petitioners contend that the issue here is not arbitrable because a contrary provision of a CBA can never supplant or impair duly adopted rules established by the County personnel officer pursuant to the Civil Service Law (*see* Civil Service Law §§ 15, 20 [1]; § 63 [2]) since those rules "have the force and effect of law" (*Matter of Albano v Kirby*, 36 NY2d 526, 529 [1975]). As there is no dispute that Pashley, appointed as the County personnel officer, is empowered to administer the provisions of the Civil Service Law (*see* Civil Service Law §§ 17, 20), which includes the responsibility to determine the probationary term for employees in the classified civil service of the County (*see* Civil Service Law § 63), petitioners' request for a stay of arbitration was improperly denied. The rationale for these rules is to meet "[t]he constitutional requirement that appointments be based on merit and fitness [so that the public is protected by] assuring that only those of proven competence serve in its employ" (*Matter of Boyle v Koch*, 114 AD2d 78, 82 [1986], *lv denied* 68 NY2d 601 [1986]; *see Matter of Albano v Kirby, supra* at 530); the parties cannot negotiate a shorter probationary period than the shortest minimum period established by the County civil service rules in existence at the time that the CBA is being negotiated (*see Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist*, 38 NY2d 137, 143 [1975]; *Matter of Higgins v La Paglia*, 281 AD2d 679, 679-680 [2001], *appeal dismissed* 96 NY2d 854 [2001]; *Matter of Colao v Village of Ellenville*, 223 AD2d 792, 793 [1996], *lv dismissed and denied* 87 NY2d 1041 [1996]).

Mercure, J.P., Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application to stay arbitration granted.

